UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 6:21-CR-28-CHB-HAI |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| RONNIE L. HELTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On June 11, 2021, Defendant Ronnie L. Helton, though counsel, filed a motion for psychiatric examination. D.E. 22. A lengthy series of proceedings and evaluations ensured. Those proceedings ultimately resulted in Defendant being found incompetent and committed to the custody of the Attorney General for restoration efforts at United States Medical Center for Federal Prisoners Springfield ("MCFP Springfield"). D.E. 78, 80, 102. On March 21, 2024, the Court received a Certificate of Competency, as required by statute, from the Warden of MCFP Springfield. D.E. 114. On April 19, 2024, the Court held a hearing pursuant to 18 U.S.C. § 4241(e). D.E. 120. Having fully considered the record, including defense counsel's representations at the hearing and the Forensic Psychological Report ("the Report," D.E. 113) that concluded Defendant is now competent, the undersigned **RECOMMENDS** finding that Defendant has been **RESTORED TO COMPETENCY**.[1]

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetence could be dispositive of his case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

## I. Background

On April 22, 2021, Defendant was indicted on charges that he violated 18 U.S.C. § 1201(d). D.E. 1.  Defendant was subsequently taken into federal custody.  D.E. 14.  On May 24, 2021, he waived formal arraignment.  *Id*.  On June 11, 2021, Defendant filed a Notice of Intent to Rely Upon the Defense of Insanity (D.E. 21) and Motion for Competency Examination (D.E. 22).  On June 21, 2021, Defendant's motion for a competency examination was granted.  D.E. 25, 26.  That examination occurred at Federal Detention Center Miami.  D.E. 28, 47.  On August 15, 2022, Defendant was found to be incompetent and was committed to the custody of the Attorney General for hospitalization and treatment.  D.E. 80.  Because of a bed shortage, Defendant's competency restoration treatment was substantially prolonged.  D.E. 83, 101, 102.  Eventually, Defendant was designated to MCFP Springfield for his competency restoration treatment.  D.E. 102.  Defendant began his competency restoration treatment on October 27, 2023.  D.E. 103.

Defendant was not restored to competency within four months.  D.E. 109.  Nevertheless, it was likely that Defendant would be restored to competency within a reasonable period of time, so the Court authorized extended restoration efforts pursuant to *United States v. Baker*, 807 F.2d 1315, 1320 (1986).  *Id*.  On March 21, 2024, the Court received a Certificate of Competency from the Warden of FCFP Springfield that indicated that the Warden's "staff determined [that Defendant] has recovered to such an extent [that] he is able to understand the nature and consequences of the proceedings against him and to assist properly in the defense of the claims brought against him."  D.E. 114.  The certificate was accompanied by the Report, which detailed the rationale for that finding.  D.E. 113.  Defendant was subsequently returned to the Eastern District of Kentucky.  D.E. 116.  The Court held an uncontested section 4241(e) hearing to

determine whether Defendant was competent to proceed in this case on April 19, 2024.  D.E. 120.  Both the Report and defense counsel's representations were received as evidence at that hearing.[2]

Dr. Sarah Burton, Ph.D., and Courtney Tindell, M.S., prepared the Report.  D.E. 113 at 13.  All parties had access to the Report prior to the section 4241(e) hearing.  *See* D.E. 112.  Although Defendant minimized his substance abuse and mental health history during restoration efforts, he was generally forthcoming with information about his background according to the Report.  D.E. 113 at 2.  Defendant reported having been married repeatedly.  *Id*. at 3.  He never completed college, instead earning a Licensed Practical Nurse (LPN) Certificate.  *Id*.  Defendant worked for 36 years as an LPN.  *Id*.  Defendant downplayed his past criminal history, not detailing various criminal events when asked.  *Id*. at 3, 10.  Defendant has suffered several strokes during his life.  *Id*. at 4.  While being restored to competency, Defendant was reported to have engaged in sexual behavior that was inappropriate in the given circumstances.  *Id*. at 6, 7.

Nevertheless, the Report indicates that Defendant was eventually "able to identify a general timeframe for" his past criminal behavior.  *Id*. at 6.  In latter interviews, Defendant "was logical and coherent."  *Id*. at 7.  While he had some difficulty remembering details about his past as late as January 10, 2024, those difficulties could be overcome with prompting.  *Id*.  He had difficulty remembering the details of the incident giving rise to the charges in this case as late as February 28, 2024.  *Id*. at 8.  By February 29, however, Defendant was able to explain concepts such as a verdict of not guilty by reason of insanity and a plea agreement waiver.  *Id*.

The Report explains that Defendant's "speech is organized, logical, and goal-oriented."  *Id*. at 10.  It acknowledges that Defendant "occasionally has difficulty remembering details of his

---

[2] Both parties stipulated to both the report's admissibility and its accuracy.  Further, no one objected to the Court's consideration of defense counsel's representations when determining if Defendant has been restored to competency.

history and timelines." *Id.* The Report's conclusion was that Defendant's "symptoms of a mental defect are noteworthy but do not substantially interfere with his ability to understand courtroom proceedings or assist with his defense." *Id.* at 13. Further, the Report concluded that Defendant "presents with an adequate factual understanding of legal information, as well as information pertinent to his case." *Id.* The Report explains that Defendant's "rational abilities are intact." *Id.* Finally, the Report assesses Defendant as being "able and willing to make self-interested decisions in his case and to adequately assist his attorney in his defense." *Id.* Thus, the Report deduced that Defendant "is competent to proceed in his case." *Id.*

At the April 19, 2024 hearing, defense counsel explained that her recent interactions with Defendant and review of the Report led her to believe that Defendant is competent to stand trial. In particular, defense counsel explained that Defendant was able to explain his charges and the process of criminal adjudication. Defense counsel explained that Defendant could describe the roles of various actors in that process. Defense counsel relayed that Defendant asked whether he would be allowed to wear regular clothing during his trial or if he would be required to wear his prison uniform. Defense counsel explained that most of her clients do not think to ask that question, and she thought it was strongly indicative that he understands the adjudicative process. Defense counsel also conveyed that she discussed the Report in detail with Dr. Burton and Ms. Tindell. Defense counsel explained that, on the day of the section 4241(e) hearing, Defendant was able to answer open-ended questions about the court process. In light of her discussions with Defendant, Dr. Burton, and Ms. Tindell, defense counsel explained that she thought Defendant was presently competent to proceed.

Defense counsel also requested that Defendant be moved from Grayson County Detention Center to Laurel County Detention Center so that she could do her best to ensure that he does not again become incompetent.

## II. Legal Analysis

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense").

The procedural framework warrants attention. The initial determination of incompetency was made pursuant to section 4241(d), which mandates that a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). D.E. 78, 80. This framework suggests that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple*, 47 F.3d 1170, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis) *and United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the Court declined to resolve the question about who carries the burden of proof when an initial competency determination is made because the proof was not disputed. D.E. 78 at 3.

Following the filing of a certificate of restoration of competency, however, section 4241(e) governs and states the "court shall hold a hearing, conducted pursuant to the provisions of section

4247(d), to determine the competency of the defendant." Section 4247(d) assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referencing § 4247(d) for hearing procedure). Here, of course, the parties were given the opportunity to exercise these rights.

Although section 4241(e) refers to section 4241(d), which has its own description of the findings required to sustain incompetency, the statutory framework suggests a unique or revised burden allocation when assessing whether a defendant has been restored to competency after a Court has found the defendant incompetent. Section 4241(e) states:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial or other proceedings.

A natural reading suggests the government bears the burden to establish restoration. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) ("It appears the burden of proving a defendant who was previously found incompetent is now competent may be allocated to the government" and placing the burden on the government per the parties' agreement); *United States v. Baldwin*, No. 1:10-CR-00146, 2012 WL 5205814, at *2 (W.D. Mich. Oct. 22, 2012) (same). The undersigned has previously indicated that the government carries the burden of proof in the section 4241(e) context. *United States v. Myrick*, No. 6:17-CR-70-CHB-HAI-2, 2021 WL 2302735, at *4 (E.D. Ky. May 13, 2021), *report and recommendation adopted*, No. 6:17-CR-070-2-CHB, 2021 WL 2292242 (E.D. Ky. June 4, 2021). At the hearing, the government agreed it had to carry the burden of proof. Even here, however, "'[t]he bar for incompetency is high[.]'" *United States v. Willis*, 362 F. App'x 531, 534 (6th Cir. 2010) (quoting *United States v. Miller,* 531 F.3d 340, 350 (6th Cir. 2008)).

Here, the Report and defense counsel's representations are sufficient to permit the Court to recommend that Defendant be found competent to proceed to trial in this case. Defendant's ability to relay to defense counsel his understanding of the adjudication process, including the roles of various actors in that process, what he has been charged with and what defenses he could assert at trial indicate that he has both a rational and factual understanding of the proceedings against him. While the Report indicates that Defendant occasionally has memory problems, those memory problems appear fleeting and therefore do not substantially impair Defendant's present ability to consult with his lawyer with a reasonable degree of rational understanding. Further, defense counsel explained that she has been able to communicate with Defendant about the details of his case. Taken together, the information presented in the Report and during the April 19, 2024 hearing is sufficient for the Court to conclude that Defendant has been restored to competency.

### III.  Conclusion

Based on the foregoing, the Court **RECOMMENDS** finding that Defendant has been **RESTORED TO COMPETENCY** and that this matter may proceed.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Any objection must be filed within **THREE DAYS** of the entry of this recommendation. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of that three-day period, this matter will be submitted to Judge Boom for her consideration and to address the procedural posture.

This the 23rd day of April, 2024.



Signed By:

*Hanly A. Ingram*

United States Magistrate Judge

7