UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:21-CR-28-CHB-1 |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING** |
| RONNIE L. HELTON, | ) | **RECOMMENDED DISPOSITION** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 121]. The Recommended Disposition addresses whether Defendant Ronnie L. Helton is competent to proceed to trial pursuant to 18 U.S.C. §§ 4241 and 4247(d). After reviewing the competency evaluation by Dr. Sarah Burton, Ph.D., and Courtney Tindell, M.S., *see* [R. 113], and holding a hearing on the matter, *see* [R. 120], Magistrate Judge Ingram recommends that Defendant be found restored to competency to face further proceedings, including trial, in this matter. *See* [R. 121].

Generally, this Court must make a *de novo* determination of those portions of the recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a magistrate judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v.*

- 1 -

*White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Judge Ingram's Recommended Disposition advised the parties that any objections were to be filed within three days. [R. 121, p. 7]. The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so. *See id.*; Fed. R. Crim P. 59(b). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Recommended Disposition. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Recommended Disposition is **ADOPTED** as the Opinion of the Court, and Defendant is **FOUND** competent to face further proceedings in this matter, including trial.

2. The parties **SHALL FILE** a joint report by **Monday, May 6, 2024**, indicating trial readiness, trial length, any time needed for full preparation, and any other status matter of note. The Court will then reset the trial date.

3. The time between **October 18, 2022** (the date of the previous trial date as to Ronnie L. Helton) and **May 6, 2024**, (the date for the joint report to be submitted) is **DECLARED** excludable pursuant to 18 U.S.C. § 3161(h)(1)(A); (h)(1)(D); (h)(1)(H). The Court **FINDS** that the period of delay results from a proceeding or examination to determine the mental competency of a defendant and is therefore excludable pursuant to 18 U.S.C. § 3161(h)(1)(A); (h)(1)(D); (h)(1)(H).

This the 29th day of April, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY